**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERROL LINZY,** | ) | |
| **Movant,** | ) | |
| **vs.** | ) | **No. 3:16-CV-1714-N-BH** |
| | ) | **No. 3:94-CR-0081-T (2)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion under 28 U.S.C. § 2255, to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*, received June 23, 2016 (doc. 2), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

Errol Linzy (Movant) challenges his federal conviction and sentence in Cause No. 3:94-CR-81-T(2).  The respondent is the United States of America (Government).

Movant was convicted of bank robbery in violation of 18 U.S.C. § 2113 (a), (d) and § 2 (Count One); carrying a firearm during the commission of an offense and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1) and § 2 (Count Two); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  (*See* doc. 2 at 2; 3:94-CR-81-T, doc. 69.)  By judgment entered on October 12, 1994, he was sentenced to 300 months' imprisonment for Count One and 120 months' imprisonment for Count Two, to be served concurrently, and to 60 months' imprisonment for Count Three to be served consecutively with the other two sentences for a total sentence of 360 month's imprisonment.  (*See*

*id.*)  The judgment was affirmed on appeal on August 23, 1995.  *See Linzy v. United States*, 68 F.3d 465 (5th Cir. 1995).  He did not file a petition for writ of certiorari.

Movant's § 2255 motion, received on June 23, 2016, was signed on June 21, 2016.  (*See* doc. 2 at 8.)  It alleges that his conviction under § 924(c) was unconstitutional because the residual clause of § 924(c) is unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and that his sentence was increased under the residual clause of United States Sentencing Guideline § 4B1.2, which was also unconstitutional in light of *Johnson*.

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section."  *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), the judgment was affirmed on appeal on August 23, 1995.

2

Movant did not file a petition for writ of certiorari in the Supreme Court, so his conviction became final on November 21, 1995, when the ninety-day period for filing a certiorari petition with the Supreme Court expired.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  Because Movant's conviction became final prior to the 1996 enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had a one-year grace period, until April 24, 1997, to file his § 2255 motion. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).  He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2).  The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) does not apply.

## A.   **Newly Recognized Right**

Although Movant cites *Johnson*, his claim does not assert a right newly recognized by the Supreme Court under § 2255(f)(3).  In *Johnson,* the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B)(ii) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563.  The holding of *Johnson* is retroactively available on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under § 924(e) of the ACCA.  He was convicted and sentenced for carrying a firearm during an offense under § 924(c).  A "crime of violence" in § 924(c)(3)(B) is defined in part as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

3

§ 924(c)(3)(B).  In contrast, the residual clause of § 924(e)(2)(B)(ii) defines "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another."

In *Johnson*, the Supreme Court did not address the residual clause of § 924(c)(3)(B), and it did not recognize a new right regarding that residual clause.  *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (Supreme Court did not address or decide in *Johnson* whether the differently worded residual clause of § 924(c)(3)(B) was unconstitutionally vague); *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (residual clause of § 924(c)(3)(B) is not unconstitutionally vague under *Johnson*); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (residual clause of 18 U.S.C. § 16(b) that defines "crime of violence" as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was not unconstitutionally vague under *Johnson*).  Because *Johnson* did not recognize as a new right that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, § 2255(f)(3) does not apply.

The latest of the dates under § 2255(f) is the date that Movant's conviction became final, November 21, 1995.  As noted, his conviction became final before AEDPA's one-year statute of limitations took effect on April 24, 1996, so he had until April 24, 1997, to file his § 2255 motion.  *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir.1998).  He did not file his § 2255 motion until June 21, 2016, at the earliest.[2]  It is untimely in the absence of equitable tolling.

**B.    Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. Nor does he assert any other basis for equitable tolling. His § 2255 motion is untimely.

## III.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 16th day of January, 2018**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE